UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 SEP -9 PM 1:58

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| STATE OF VERMONT,<br>    Plaintiff/Counterclaim Defendant<br><br>and<br><br>WILLIAM H. SORRELL, in his official<br>capacity as Attorney General of the State of<br>Vermont<br>    Counterclaim Defendant<br><br>v.<br><br>MPHJ TECHNOLOGY INVESTMENTS, LLC,<br>    Defendant/Counterclaim Plaintiff | Docket No. 2:14-CV-192 |

NOTICE OF REMOVAL

Defendant MPHJ Technology Investments, LLC ("MPHJ"), pursuant to 28 U.S.C. §§ 1442(a)(2), 1443 & 1454, removes this action to the United States District Court for the District of Vermont, and does so in compliance with 28 U.S.C. §§ 1441 & 1446.

In support, MPHJ states as follows:

Background

1.  On or about May 8, 2013, Plaintiff filed suit against MPHJ under the Vermont Consumer Protection Act, 9 V.S.A. §§ 2451 et seq., in the State of Vermont Superior Court, Washington Unit, in the matter captioned *State of Vermont v. MPHJ Technology Investments, LLC*, Docket No. 282-5-13 Wncv ("the Original Complaint"). After removal to the U.S. District

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

Court for the District of Vermont, Plaintiff sought leave to amend its complaint. Without leave being granted, the case was then remanded back to the Vermont Superior Court, and MPHJ's appeal of that remand order, and collateral matters, was denied by the U.S. Court of Appeals for the Federal Circuit ("the Federal Circuit decision") on August 11, 2014. Plaintiff was then granted leave to file an amended complaint ("the First Amended Complaint") on or about August 28, 2014 ("the Filing Date"). A copy of the First Amended Complaint is annexed hereto as **Exhibit 3-2**.

2. The Amended Complaint seeks, as part of the requested relief from the state court, "[a] permanent injunction prohibiting Defendant from engaging in any business activity in, into, or from Vermont that violates Vermont law." First Amended Complaint, pg. 9.

3. In between the filing of the Original Complaint, and the Amended Complaint, the Vermont Bad Faith Assertions of Patent Infringement Act, 9 V.S.A. §§ 4195-4199 ("the Vermont Patent Assertions Act") was passed. Thus, the First Amended Complaint, unlike the Original Complaint, now seeks an injunction requiring MPHJ to comply with the Vermont Patent Act.

4. The Vermont Patent Assertions Act, and enforced compliance with the Act, affects the validity of certain laws of the United States, including but not limited to: Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 271, 284, 285 & 287, as well as the validity of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, the Supremacy Clause, and the Patent Clause of the U.S. Constitution.

5. The Vermont Patent Assertions Act, and enforced compliance with the Act, also would subject MPHJ to unlawful discrimination as a patent owner who does not qualify as a class of patent owners expressly favored, and expressly treated differently, by the Act, including


gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

but not limited to a person who "makes a substantial investment in the use of the patent or in the production or sale of a product or item covered by the patent"; a person who is "the inventor or joint inventor of the patent or, in the case of a patent filed by and awarded to an assignee of the original inventor or joint inventor, is the original assignee"; or "an institution of higher education or a technology transfer organization owned or affiliated with an institution of higher education."

6. On September 8, 2014, MPHJ filed a complaint in the United States District Court for the District of Vermont: *MPHJ Technology Investments, LLC vs. Sorrell et al*, Docket No. 2:14-cv-191 (D. Vt. Filed Sept. 8, 2014) ("MPHJ's Section 1983 Suit"). That complaint includes a request for certain declaratory relief, and relief under 42 U.S.C. § 1983, and such other relief and remedies as set forth in that complaint.

7. On September 9, 2014, MPHJ filed an Answer, Affirmative Defenses and Counterclaims in Vermont Superior Court ("the Answer and Counterclaims"). See **Exhibit 3-13**. At least some of the counterclaims filed assert claims for relief arising under an Act of Congress relating to patents, including, but not limited to: Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 261, 271, 284, 285 & 287, as well as the First, Fifth and Fourteenth Amendments to the U.S. Constitution, the Supremacy Clause, and the Patent Clause of the U.S. Constitution. The Answer and Counterclaims include certain affirmative defenses and counterclaims for which MPHJ has exercised its rights under *England v. Medical Examiners*, 375 U.S. 411 (1964) to have decided only in this court, either in this case while removed, or in MPHJ's Section 1983 Suit.

## Removal Under 28 U.S.C. § 1442(a)(2)

8. Removal of this case is authorized under 28 U.S.C. § 1442(a)(2) because the Amended Complaint, in seeking to require MPHJ to comply with the Vermont Patent Act,



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 3 -

asserts: (1) a civil action in state court directed against; (2) a property holder, namely MPHJ who owns certain U.S. patents; (3) where MPHJ's patent property is derived from an officer of the United States (the Commissioner of the United States Patent and Trademark Office and/or the United States Secretary of Commerce), and/or an agency of the United States (the United States Patent and Trademark Office); where (4) the action affects the validity of a law of the United States, namely 35 U.S.C. §§ 261, 271, 284, 285 & 287, as well as the validity of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, the Supremacy Clause, and the Patent Clause of the U.S. Constitution.

9. Removal of this case under 28 U.S.C. 1442(a)(2) is timely pursuant to 28 U.S.C. § 1446(b) at least in part on the basis of the filing of the Amended Complaint on August 28, 2014, and on any other basis permitted by law. Additionally, and alternatively, removal of this case under 28 U.S.C. § 1442(a)(2) is timely pursuant to 28 U.S.C. § 1446(b & g).

## Removal Under 28 U.S.C. § 1443

10. Removal of this case is authorized under 28 U.S.C. § 1443 because the Amended Complaint, in seeking to require MPHJ to comply with the Vermont Patent Act, a statute which without lawful basis deprives certain types of patent owners, including MPHJ, of certain rights enjoyed by other types of patent owners (including but not limited to the rights of patent owners under 35 U.S.C. §§ 261, 271, 284, 285 & 287) under the statute, comprises: (1) a civil action commenced in State court; (2) against a person (MPHJ); (3) who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States, namely the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C. §§ 1981-1988.

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 4 -

11.     Removal of this case under 28 U.S.C. § 1443 is timely pursuant to 28 U.S.C. § 1446(b) at least in part on the basis of the filing of the Amended Complaint on August 28, 2014, and on any other basis permitted by law, inclusive of 28 U.S.C. § 1446(b).

### Removal Under 28 U.S.C. § 1454

12.     Removal of this case is authorized under 28 U.S.C. § 1454 because the Answer and Counterclaims include distinct and individual counterclaims that assert claims for relief arising under an Act of Congress relating to patents, including, but not limited to: Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 261, 271, 284, 285 & 287, the Supremacy Clause, and the Patent Clause of the U.S. Constitution. *See also* 28 U.S.C. § 1338. These distinct and individual counterclaims include, but are not limited, Counterclaim One, Counterclaim Two, Counterclaim Three and Counterclaim Four, each of which is independently removable in its own right under 28 U.S.C. § 1454.

13.     Removal of this case under 28 U.S.C. § 1454 is timely pursuant to 28 U.S.C. § 1454(b) and/or 1446 at least in part on the basis of the filing of the Answer and Counterclaims on September 9, 2014, and/or Amended Complaint on August 28, 2014, and on any other basis permitted by law inclusive of 28 U.S.C. § 1446(b). Further, and alternatively, removal is timely under 28 U.S.C. § 1454(b)(2).

### Compliance With 28 U.S.C. § 1446

14.     The filing of Notice of Removal serves to establish MPHJ's compliance with the notice and filing requirements of 28 U.S.C. §1446(a).



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

15. MPHJ has further complied with the service requirements of 28 U.S.C. § 1446(a) by filing a copy of all process, pleadings and other orders served upon MPHJ in the state proceeding that have not previously been filed with this Court, as Exhibits 1 – 3-13.

16. MPHJ's compliance with 28 U.S.C. § 1446(b & g) has been set forth above.

17. Pursuant to 28 U.S.C. § 1446(d), MPHJ will serve Plaintiff with written notice of this removal, and will file a copy of this notice with the State of Vermont Superior Court, Washington Unit.

## Supplemental Jurisdiction

18. This Court has jurisdiction to hear and decide any other issues or claims raised in the removed action by virtue of its jurisdictional authority, inclusive of its supplemental jurisdictional authority, under the U.S. Code, including but not limited to 28 U.S.C. §§ 1367(a) & 1454.

WHEREFORE, Defendant MPHJ Technology Investments, LLC removes this action to the United States District Court for the District of Vermont.

Dated:  Burlington, Vermont
        September 9, 2014

_____
Andrew D. Manitsky, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
amanitsky@gravelshea.com

and

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

Bryan Farney, Esq.
Cassandra Klingman, Esq.
Farney Daniels PC
800 S. Austin Avenue, Suite 200
Georgetown, TX  78626-5845
(512) 582-2810
bfarney@farneydaniels.com
(*Pro Hac Vice pending*)

For Defendant

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 7 -