UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

STATE OF VERMONT,                          :
                                           :
        Plaintiff, Counterclaim            :
            Defendant,                     :
                                           :
and                                        :
                                           :
WILLIAM SORRELL, in his                    :
official capacity as Attorney :
General of the State of                    :
Vermont,                                   :
                                           :
        Counterclaim Defendant,            :
                                           :
            v.                             :   Case No. 2:14-cv-192
                                           :
MPHJ TECHNOLOGY INVESTMENTS,               :
LLC,                                       :
                                           :
        Defendant/Counterclaim             :
            Plaintiff.                     :

**OPINION AND ORDER**

Plaintiff State of Vermont brings this action under the
Vermont Consumer Protection Act ("VCPA") against Defendant MPHJ
Technology Investments, LLC ("MPHJ").  The State claims that
MPHJ, through shell subsidiaries, sent false and misleading
letters to various Vermont entities alleging patent infringment
and demanding the purchase of licenses.  MPHJ has answered and
filed counterclaims for declaratory judgment as to (1) the
validity or preemption of the State's statutory causes of action
under federal law and (2) the validity and infringement of the
MPHJ patents.  The case was initiated in state court, and MPHJ
removed to this Court.

This is MPHJ's second removal.  In the first, which did not involve any counterclaims, MPHJ claimed the State's action under the VCPA would impact its patent rights.  The Court concluded the State had not raised any issues of federal law and remanded the case to state court.

The State subsequently amended its pleading, deleting a single phrase from its prayer for relief and adding no new substantive claims.  MPHJ responded with an answer and counterclaims for declaratory relief, asserting that the Amended Complaint necessarily implicates a recently-passed Vermont statute pertaining to assertions of patent infringement, and that the new statute violates federal law.  The State denies that this new statute is a part of its Amended Complaint.  MPHJ's counterclaims also ask for confirmation of its patent rights, and for a finding that the VCPA violates federal law.

Upon MPHJ's second removal, the State has again filed a motion to remand and, in the event the Court chooses not to remand, a motion to dismiss.  Those two motions are now pending before the Court.  For the reasons set forth below, the motion to remand is **granted** and the motion to dismiss is **denied** as moot.

## I.   Factual and Procedural Background

In May 2013, the State filed its original Complaint in this case under the VCPA, Vt. Stat. Ann. tit. 9 §§ 2451 *et seq.*, claiming MPHJ had engaged in unfair and deceptive business

practices in Vermont.  The State alleged that MPHJ, through
various shell subsidiary companies, sent letters to businesses
and non-profits in Vermont claiming patent infringement.  The
letters requested either the purchase of a license, or
confirmation that the recipient was not infringing the patents.
The letters also represented that the licensing program had
received a largely positive response, and that many recipients of
such letters had paid for a license.  Follow-up letters were sent
from a Texas law firm threatening legal action if the recipient
did not respond.  Some Vermont businesses claimed that they only
received the follow-up letters and not the original letter.

The State's initial Complaint alleged that these letters
were false, deceptive, and misleading in violation of the VCPA
because: (1) MPHJ did no due diligence to confirm whether the
recipients were likely infringers; (2) MPHJ targeted small
businesses in commercial fields unrelated to patent law; (3) MPHJ
had not actually received a positive response regarding its
licensing program; (4) only a very small fraction of recipient
businesses had purchased licenses; (5) as of the time of the
Complaint, neither MPHJ nor its shell companies had filed a
single lawsuit; (6) as of the time of the letters, MPHJ had not
retained local counsel; (7) the shell companies claimed to
possess exclusive licenses, but in fact did not; and (8) the
shell companies often targeted businesses outside the geographic

3

regions in which they were legally permitted to enforce the patents.

The initial Complaint requested relief in the form of a permanent injunction prohibiting MPHJ from engaging in further business activity "that violates Vermont law," and "requiring Defendant to stop threatening Vermont businesses with patent-infringement lawsuits."  ECF No. 1-1 at 11.  The Complaint also sought full restitution for businesses that suffered damages, civil penalties, costs and fees to the State, and any other relief the Court deemed appropriate.

In June 2013, MPHJ removed the case to this Court, asserting federal question and diversity jurisdiction.  MPHJ maintained that the Court had federal question jurisdiction because the validity, infringement, and enforcement of the patents referenced in the letters fell within the Court's exclusive jurisdiction. MPHJ also claimed that the State was filing on behalf of Vermont businesses, thereby establishing diversity jurisdiction.  The Court disagreed, concluding that "the State's complaint brings claims solely under state law for unfair and deceptive practices and its claims are premised on multiple theories that do not implicate federal patent law."  *State v. MPHJ Tech. Inv., LLC*, 2014 WL 1494009, at *6 (D. Vt. Apr. 15, 2014).  The Court also found that the State was the true party in interest, and was not a citizen for purposes of diversity jurisdiction.  MPHJ appealed

4

the Court's ruling to the United States Court of Appeals for the Federal Circuit, which dismissed the appeal for lack of jurisdiction under 28 U.S.C. § 1447(d).[1]

The State subsequently amended the Complaint, deleting its request for an injunction barring threatening communications with Vermont businesses.  This was the State's only change to its pleading.  Like the original Complaint, the Amended Complaint continues to request an order enjoining violations of "Vermont law."

On September 9, 2014, MPHJ responded with an answer, counterclaims, and a second notice of removal.  MPHJ's removal notice asserts that the State's request for an injunction against violations of "Vermont law" necessarily implicates the recently-enacted Vermont Bad Faith Assertions of Patent Infringement Act (the "BFAPIA" or "Act"), Vt. Stat. Ann. tit. 9 §§ 4195-99.  That Act was signed by the Governor on May 22, 2013, and took effect on July 1, 2013.  The Act was therefore not in effect when the State filed its initial Complaint on May 8, 2013, but was in effect when the State amended its pleading in 2014.

The BFAPIA targets bad faith patent infringement claims. The Act sets forth a number of factors for a court to consider when determining bad faith, including whether a demand letter

---

[1] Section 1447(d) of Title 28 states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"

includes: the patent number; the name and address of the patent owner; specific information about the alleged infringement; a demand for payment of a license fee or response within an unreasonably short period of time; or meritless assertions of patent infringement.  Courts may also consider actual or threatened lawsuits based upon similar assertions of infringement, the patent owner's investment in the use of the patent, and whether the patent has been successfully enforced through litigation.  Vt. Stat. Ann. tit. 9 § 4197.

In passing the Act, the Vermont legislature "recognize[d] that Vermont is preempted from any law that conflicts with federal patent law," and characterized the statute as "narrowly focused . . . to facilitate the efficient and prompt resolution of patent infringement claims, protect Vermont businesses . . . while at the same time respecting federal law and being careful not to interfere with legitimate patent enforcement actions." *Id.* § 4195.

The notice of removal submits that the BFAPIA "affects the validity of certain laws of the United States, including but not limited to: Title 35 of the United States Code . . . the First, Fifth and Fourteenth Amendments to the U.S. Constitution, the Supremacy Clause, and the Patent Clause of the U.S. Constitution."  ECF No. 1 at 2.  MPHJ also argues that the Act discriminates against certain types of patent owners.  MPHJ's

6

counterclaims echo the allegation that the BFAPIA violates
federal law.  In addition, the counterclaims seek declaratory
relief with respect to the alleged infringement and validity of
MPHJ's patents, and claim that the VCPA violates federal law.

The State insists that the BFAPIA is not a part of its
Amended Complaint, just as it was not a part of the original
Complaint.  The State also contends that the validity of MPHJ's
patents is not at issue, and that MPHJ's second effort at removal
is untimely.  Accordingly, the State has again moved to remand.
The State also moves, in the alternative, to dismiss MPHJ's
counterclaims on grounds of sovereign immunity, lack of standing,
and lack of subject matter jurisdiction.

## II.  MPHJ's Concurrent Lawsuit

In its notice of removal, MPHJ asks the Court to decide its
counterclaims either in the course of this case, or in a separate
civil action it has filed in this Court against Attorney General
William Sorrell and Assistant Attorney General Bridget Asay.  ECF
No. 1 at 3.  That action, docketed on September 8, 2014,
initially asserted facial and as applied constitutional
challenges to the BFAPIA (Count I); brought an as applied
challenge to the VCPA (Count II); sought a declaration that MPHJ
did not violate the VCPA (Count III);  and alleged a "chilling"
of MPHJ's exercise of its First Amendment rights (Count IV).
*MPHJ v. Sorrell*, No. 2:14-cv-191 ECF No. 1 at 20-25.  MPHJ's

Amended Complaint, filed on December 29, 2014, drops Assistant
Attorney General Asay as a defendant and brings similar claims.

**III. The State's Motion to Remand**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought
in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of the United
States for the district and division embracing the place where
such action is pending." 28 U.S.C. § 1441. Generally, Section
1441 "authorizes the removal of civil actions from state court to
federal court when the action initiated in state court is one
that could have been brought, originally, in a federal district
court." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83 (2005);
*see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)
("Only state-court actions that could have been filed in federal
court may be removed to federal court by the defendant.").

"In light of the congressional intent to restrict federal
court jurisdiction, as well as the importance of preserving the
independence of state governments, federal courts construe the
removal statute narrowly, resolving any doubts against
removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269,
274 (2d Cir. 1994) (quotation omitted). MPHJ bears the burden of
demonstrating that federal subject matter jurisdiction exists.
*See Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100

(2d Cir. 2004).

    A.   Timeliness

        i.   Effective Date of the Amended Complaint

    The parties first dispute whether MPHJ's second Notice of Removal was timely.  The dispute centers upon the State's filing of its Amended Complaint and related motion to amend.  On March 7, 2014, prior to the initial remand, the State filed a conditional motion to clarify and/or amend in this Court.  In doing so, the State made clear that it did not concede the Court's jurisdiction and asserted that, upon remand, the amendment would take effect as a matter of course under state law.  *State v. MPHJ Tech. Inv., LLC*, No. 2:13-cv-170 (ECF No. 45 at 5).  The Court remanded the case to state court on April 15, 2014 without ruling on the motion to amend.  The State filed its Amended Complaint in state court on May 7, 2014.  The state court granted the motion to amend on August 28, 2014.  MPHJ filed its notice of removal on September 9, 2014.

    Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The State contends that the 30-day removal period began when it filed its amended pleading in May 2014.  In the

alternative, the State argues that the 30-day period began when MPHJ became aware of the BFAPIA's enactment into law in July 2013.  MPHJ counters that the clock did not start until the state court granted the motion to amend in August 2014.

The state court did not explicitly determine whether, under state law, it was required to consider the Amended Complaint as filed as a matter of right in May 2014 rather than by motion. When the issue was raised during a May 22, 2014 hearing, counsel for MPHJ opined that the State was required to move for leave to amend.  Judge Toor responded: "I think, because you haven't answered, they're entitled to amend without permission.  But you can check the rule on that . . . .  If you think you should move to strike her amended complaint go ahead, but my initial reaction is I think they have the right to do that."  ECF No. 3-1 at 37, 38.  As noted above, the state court subsequently granted the State's motion to amend.

Because the state court record is unclear as to whether Judge Toor accepted the Amended Complaint as filed as a matter of right, or instead as valid only upon the granting of the motion to amend, this Court declines to remand on the basis of the Amended Complaint's effective date.

ii.  Revival of MPHJ's Right to Remove

The State also contends that amending its pleading did not afford MPHJ a second opportunity to remove the case because the

Amended Complaint was essentially identical to the original Complaint. This raises the question of whether the Amended Complaint "revived" MPHJ's right to remove after its first removal was unsuccessful. As explained by the Fifth Circuit, "'an amendment of the complaint will not revive the period for removal if a state court case previously was removable . . . ,' [although] a different result generally is reached if the pleading amendment provides (1) a 'new basis for removal' or (2) 'changes the character of the litigation so as to make it substantially a new suit.'" *Braud v. Transport Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006) (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 at 311–48); *see also MG Bldg. Materials, Ltd. v. Paychex, Inc.*, 841 F. Supp. 2d 740, 744 (W.D.N.Y. 2012) ("The gist of this principle, then, is that . . . the defendant's right to remove can be 'revived' if the plaintiff amends the complaint, and in so doing dramatically changes the essential character of the action.").

The Amended Complaint in this case is entitled "First Amended Consumer Protection Complaint," thereby emphasizing that, as with the initial Complaint, the State is bringing an enforcement action under the VCPA. The first sentence of the Amended Complaint states that "[t]he Vermont Attorney General brings this suit under the Vermont Consumer Protection Act, 9

11

V.S.A. §§ 2541 *et seq.* in response to consumer fraud violations
by Defendant MPHJ Technology Investments, LLC." ECF No. 5-1 at
1. Again, the State is making an explicit effort to limit its
claims to the VCPA.

The sole legal allegations in the Amended Complaint are that
MPHJ violated the VCPA by engaging in various types of unfair and
deceptive trade practices. *Id.* at 8-9. No other statutory or
common law violations are alleged. The request for relief seeks
a permanent injunction barring business activity that violates
"Vermont law," but read in the context of the State's pleading,
does not seek relief under the BFAPIA. Accordingly, the Amended
Complaint did not change the character of the litigation in any
way, and thus did not revive MPHJ's ability to remove the case.

Even if, as MPHJ contends, the passage of the BFAPIA
provided a new opportunity for removal, the second notice of
removal was untimely. The BFAPIA was enacted into law prior to
this Court's initial remand, and indeed, prior to MPHJ's response
to the State's initial motion to remand. Moreover, MPHJ cited
the Act in its opposition to the State's first motion to remand.
*State v. MPHJ*, No. 2:13-cv-170 (ECF No. 18 at 15 n.12). That
citation appeared in a document filed on September 18, 2013 –
several months prior to the Court's first remand order and nearly
one year before MPHJ's most recent removal. MPHJ thus could have
cited the BFAPIA as a ground for removal initially, and/or could

have moved to amend to add its counterclaims at that time.

MPHJ submits that the time period for removal can only be started by the receipt of a document, and not by a party's subjective knowledge of a triggering event.  Indeed, the 30-day removal deadline set forth in Section 1446(b)(3) requires "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper . . . ."  28 U.S.C. § 1446(b)(3).  Courts have held, however, that an exchange of documents in the course of litigation may evidence a party's knowledge of the grounds for removal, and that timeliness can be determined on the basis of such evidence.  *See, e.g., Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (holding that a Court must "rely on the face of the initial pleading and on the documents exchanged in the case by the parties"); *Mirowski Family Ventures, LLC v. Bos. Scientific Corp.*, 2014 WL 2574615 (D. Md. June 5, 2014); *Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014); *Univ. of Ky. Research Found., Inc. v. Niadyne, Inc.*, 2013 WL 5943921 (E.D. Ky. Nov. 5, 2013).  It has also been held that "[t]he motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner."  *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996); *see also* 14C Wright, Miller & Cooper, Federal Practice & Procedure, § 3732 (noting that the "[f]ederal

13

judges are inclined to interpret the statute in keeping with its intended purpose of assuring that a defendant has an opportunity to assert the Congressionally bestowed right to remove upon receiving notice that the right exists in a particular case").

This case is unique in that the fact giving rise to removal was not disclosed by a party through pleadings or discovery, but was instead the public passage of a law.  Nonetheless, MPHJ's citation to the BFAPIA in September 2013 revealed its actual knowledge of the statute, and the Court need not engage in any additional inquiry to determine when the time period for removal commenced.  Because MPHJ was aware of the statute in 2013, and thus could have "intelligently ascertain[ed]" potential grounds for removal, the Court cannot countenance its effort to remove on the basis of the State's amended pleading nearly one year later. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 198 (2d Cir. 2001).

MPHJ's counterclaims consist of six counts: BFAPIA claims (Counterclaims 1 and 2), patent rights claims (Counterclaims 3 and 4), and VCPA claims (Counterclaims 5 and 6).  Counts 1 and 2 are untimely since, as discussed above, they could have been brought in 2013 when MPHJ first became aware of the BFAPIA.  The patent rights claims cite conflicts with the BFAPIA, and thus could also have been brought in 2013.  As to the VCPA claims, those could clearly have been asserted in response to the initial

14

Complaint.  If MPHJ wishes to bring challenges to the BFAPIA or other Vermont statutes in federal court it may do so – and has in fact done so – in a separate action.  MPHJ's claims in this case, however, do not provide the basis for an untimely second removal, and this case must again be **remanded** to state court.

B.    Removal Under 28 U.S.C. § 1442(a)(2)

Furthermore, MPHJ's reliance upon the federal officer removal statute, 28 U.S.C. § 1442(a)(2), as a basis for removal is misplaced.  The federal officer removal statute provides that any action brought against a federal officer or agency "for or relating to any act under color of such office" may be removed to federal court by the defendant.  28 U.S.C. § 1442(a)(1); *see also Isaacson v. Dow Chem. Co.*, 517 F.3d 129,135 (2d Cir. 2008).  A defendant that is not itself a federal officer must demonstrate that it is "[a] property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States."  28 U.S.C. § 1442(a)(2).  Section 1442 represents an exception to the general rule that the basis for removal must be set forth in a well-pleaded complaint.  *Mesa v. California*, 489 U.S. 121, 136 (1989).

MPHJ's theory under Section 1442(a)(2) is that title to its patents was derived from a federal officer, and that its defenses and counterclaims affect the validity of federal law.  The State counters that MPHJ's theory is "akin to suggesting a landowner's

15

title derives from the Governor or the recording clerk." ECF No. 28 at 7.  Neither party has cited case law directly on point.

The Second Circuit, in an unpublished opinion, recently referred to Section 1442(a)(2) as a "seldom-invoked federal-title-dispute removal provision." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 2014 WL 1776011, at *4 (2d Cir. May 6, 2014); *see also Faulk v. Owens Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 669 (E.D. Tex. 1999) ("[I]t appears that 28 U.S.C. § 1442(a)(2), the federal title dispute statute, is a rarely invoked statute.").  Summarizing the history of the statute, the district court in *Town of Stratford v. City of Bridgeport*, 434 F. Supp. 712, 714 (D. Conn. 1977) stated:

> The apparent purpose of the predecessors of § 1442(a)(2) was to insure a federal forum to persons who took title to property from a revenue officer and faced a challenge to their title from others, such as taxpayers, who claimed that the law under which the revenue officer had seized their property was invalid.

At least one court has determined that "title" implies real property and does not extend to a contractual property right. *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 534 (E.D. La. 2011).

The Court is skeptical of Section 1442(a)(2)'s application to a patent case.  MPHJ's position ultimately fails, however, because this action does not call into question the validity of any federal law.  MPHJ argues that by compelling its compliance with the BFAPIA, Vermont will be frustrating its patent interests

16

under various federal statutes pertaining to ownership and
assignment of patents (35 U.S.C. § 261), patent infringement (§
271), and remedies for infringement (§§ 284, 285, 287), as well
as portions of the U.S. Constitution.  ECF No. 1 at 3-4.  MPHJ's
position assumes, however, that the State's pleadings somehow
incorporate the BFAPIA.  ECF 26 at 23-24 (citing only the BFAPIA
as "affect[ing] the validity" of federal statutes and the
Constitution).  The State argues, and the Court agrees, that the
Amended Complaint is brought exclusively under the VCPA, and does
not seek relief under any other statute or legal provision.  The
Court therefore declines to allow removal under Section
1442(a)(2).

    C.   Removal Under 28 U.S.C. § 1443

    MPHJ's notice of removal also cites 28 U.S.C. § 1443.  A
party removing under Section 1443(1) must allege denial of a
right arising under a federal law "providing for specific civil
rights stated in terms of racial equality." *Georgia v. Rachel*,
384 U.S. 780, 792 (1966); *see also Johnson v. Mississippi*, 421
U.S. 213, 219 (1975).  While the State properly notes that this
case does not involve such civil rights, MPHJ argues that where a
federal law prohibits discrimination based upon race and other
types of unequal treatment – such as discrimination against
patent owners – that law serves as the basis for removal.  More
specifically, MPHJ contends that it has been discriminated

17

against as a certain *type* of patent owner, and that it is therefore entitled to relief under 42 U.S.C. §§ 1981 (protecting the right "to make and enforce contracts") and 1982 (protecting the rights to "lease . . . and convey . . . property").

This argument has been considered and rejected by several courts.  In one such case, the court concluded that "[i]n the absence of even a scintilla of an allegation that race discrimination is at all involved in this case, defendants enjoy no standing to raise claims under Sec. 1981 in support of their removal petition." *Bd. of Ed. of City of Atlanta v. Am. Fed'n of State, County and Mun. Emp.*, 401 F. Supp. 687, 692 (D. Ga. 1975); *see also City of Winston Salem v. Chauffeurs, Teamsters & Helpers Local Union No. 391*, 470 F. Supp. 442, 445–46 (D.N.C. 1979) (finding the invocation of Section 1981 without evidence of race-based action "clearly frivolous"); *West Virginia State Bar v. Bostic*, 351 F. Supp. 1118, 1122 (D. W. Va. 1972)(rejecting removal under Section 1981 because "[t]here are no racial overtones in this case").

Furthermore, the Second Circuit and the U.S. Supreme Court have consistently construed Sections 1981 and 1982 as forbidding discrimination on the basis of race.  As explained in *United States v. Nelson*, 277 F.3d 164, 177 (2d Cir. 2002), both Sections 1981 and 1982 were ratified in 1868 and enacted pursuant to the Thirteenth Amendment.  "Like the Thirteenth Amendment, the text

18

of § 1981 does not expressly mention the race of the person benefitted by the statute, and, as it has done with the Thirteenth Amendment, the Supreme Court has construed the section to forbid any 'racial' discrimination in the making of private as well as public contracts." *Nelson*, 277 F.3d at 177.  The *Nelson* court similarly concluded that Section 1982 has been "construed . . . to forbid public and private racially discriminatory interference with property rights."  *Id.*

Finally, MPHJ's position is once again premised upon the assumption that the Amended Complaint seeks relief under the BFAPIA.  *See* ECF No. 26 at 25 (arguing that "the State's new attempt in its Amended Complaint to enjoin MPHJ to comply with the [BFAPIA] deprives MPHJ of rights afforded to other patent owners in a manner prohibited by law"); ECF No. 1 at 4 (asserting that the BFAPIA qualifies the case for removal under Section 1443).  As discussed previously, the Court finds no such claim or request for relief in the State's pleadings.

D.    Removal Under 28 U.S.C. § 1454

MPHJ's last basis for removal is 28 U.S.C. § 1454.  Section 1454, passed in 2011 as the Leahy–Smith America Invents Act, provides for removal of a civil action "in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." "This provision authorizes removal of cases in which the only

federal question arises in a patent or copyright counterclaim." *Mirowski Family Ventures, LLC v. Boston Scientific Corp.*, 2014 WL 2574615, at *4 (D. Md. June 5, 2014).  Section 1454 is thus another exception to the well-pleaded complaint rule.  *See Andrews v. Daughtry*, 994 F. Supp. 2d 728, 732 (M.D.N.C. 2014)*.*

Congress enacted Section 1454 after the Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Systems*, 535 U.S. 826 (2002), which held that a defendant's compulsory counterclaim under the Copyright Act could not serve as the basis for appellate jurisdiction in the Federal Circuit. *See Andrews*, 994 F. Supp. 2d at 731-32.  "The rule articulated in *Holmes Group* meant that state courts could end up adjudicating a significant amount of federal patent claims.  In response, Congress passed the so-called '*Holmes Group* fix,'" allowing federal courts to assert subject matter jurisdiction on the basis of a counterclaim arising under federal patent or copyright law. *Id.* (citing Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*, 21 Fed. Cir. B.J. 539, 539 (2012)).

The State sets forth three distinct positions in opposition to removal under Section 1454.  The State first contends that MPHJ's counterclaims are barred by sovereign immunity.  This argument is initially appealing, as a claim against the State in federal court, irrespective of the relief sought, is barred by

20

the Eleventh Amendment.  *See, e.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999).  However, MPHJ has named Attorney General William Sorrell as a counterclaim defendant, and while the parties disagree about the propriety of naming the Attorney General, there is no dispute that Sorrell would not enjoy the same broad Eleventh Amendment immunity.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The State next argues that Section 1454 is inapplicable because MPHJ's counterclaims are not compulsory.  In support, the State notes that *Holmes Group* involved a compulsory counterclaim, and argues that Congress enacted Section 1454 to address that limited situation.  MPHJ responds that Section 1454 is not limited to compulsory counterclaims, and that even assuming such a requirement, its counterclaims here are compulsory.

As one district court recently commented, "[Section] 1454 is a new statute, and . . . courts are still wrangling with its meaning." *Donahue v. Tokyo Electron America, Inc.*, 2014 WL 4259386, at *8 (W.D. Tex. Aug. 27, 2014).  In this case, the Court declines to parse the novel issues presented by the parties since, as noted above, MPHJ's second notice of removal was untimely.  That said, Section 1454 adds an extra consideration with respect to timeliness: allowance for a showing of "cause" to

21

justify the delay.  28 U.S.C. § 1454(b)(2) (permitting a court to extend the removal deadlines under Section 1446 "at any time for cause shown").  The Court therefore turns to the question of cause for the untimely filing.

"While there is no authority on what constitutes 'cause shown' under 28 U.S.C. § 1454(b)(2) to extend the 30-day time period to remove, at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused." *SnoWizard, Inc. v. Andrews*, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013).  Here, MPHJ submits that good cause exists because the BFAPIA had not yet been passed when the original Complaint was filed, and thus could not have been a part of that pleading.  This argument ignores the fact that MPHJ is relying upon the State's request for relief under "Vermont law." That phrase was a part of both the initial and Amended Complaints.  Consequently, and to the extent the phrase "Vermont law" in the State's pleadings encompasses the BFAPIA (a contention that both the State and this Court reject), MPHJ could have applied its current arguments for removal to the initial Complaint.  MPHJ has therefore failed to show cause for its untimely removal, and this case is **remanded** to state court.

## IV. Conclusion

For the reasons set forth above, the State's motion to remand (ECF No. 22) is **granted** and its motion to dismiss (ECF No.

25) is **denied** as moot.  This case is **remanded** to state court.

    Dated at Burlington, this 9th day of January, 2015.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge
